# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD MAMBUCA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 05-367-RAW-KEW |
| | ) |
| HASKELL HIGGINS, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging his loss of earned credits, which resulted from a disciplinary hearing at Howard McLeod Correctional Center in Atoka, Oklahoma.

The record shows that on April 6, 2007, petitioner was issued a misconduct report for Disobedience to Orders, after he went into another unit without permission. He was found guilty at his disciplinary hearing on May 9, 2005, and the warden affirmed the decision on May 10, 2005. On May 25, 2005, the due process reviewer found that due process had not been violated, and the Designee for the Director concurred on July 27, 2005.

The respondent alleges petitioner has not exhausted his state court remedies by presenting his claim to a state district court through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state

court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner's failure to pursue his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court

any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 30th day of November, 2007.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**